RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 07 2026
DANIEL J. McCOY, CLERK
BY: KW

(Rev. 8/14/2023)

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

**ROBERT CLIFTON TANNER #2501309** — **CASE NO. 6:25-CV-01873 SEC P**

**VERSUS** — **JUDGE DAVID C. JOSEPH**

**ST LANDRY PARISH JAIL ET AL** — **MAGISTRATE JUDGE DAVID J. AYO**

# COMPLAINT
# PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## I. Previous Lawsuits

a. Have you begun any other lawsuit while incarcerated or detained in any facility?
Yes ☑ No ☒

b. If your answer to the preceding question is "Yes," provide the following information.

1. State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the county of parish):
27Th Judicial District Court St Landry Parish

2. Name the parties to the previous lawsuit(s):
Plaintiffs: Robert C. Tanner
Defendants: Timothy Freeman

3. Docket number(s): C-2501476 D

4. Date(s) on which each lawsuit was filed: 7/28/2025

5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:
Pending

c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes ☐ No ☑

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

N/A

**II. a. Name of institution and address of current place of confinement:**

St Landry Parish Jail

b. Is there a prison grievance procedure in this institution?
Yes ☑ No ☐

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit? Yes ☑ No ☐

   If "Yes," what is the Administrative Remedy Procedure number?
   957135, 961675, 963415, 976962, 980865, 1005905, 1007184, 1011173, 1013585, 1014328, 1015049, 1027482

2. If you did not file an administrative grievance, explain why you have not done so.

   N/A

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?

   They did not answer most, I tried to appeal but there is no functional appeal processes and no third outside appeal.

   Attach a copy of each prison response and/or decision rendered in the administrative proceeding. They will not give copies to attach.

**III. Parties to Current Lawsuit:**

a. Name of Plaintiff: ROBERT CLIFTON TANNER

(Rev. 8/14/2023)

Address: 108 South Market St Opelousas, La

b. Defendant, LIZ MURILL, is employed as Govendr at State of Louisiana.

Defendant, JEFF LANDRY, is employed as Attorney General at State of Louisiana.

Defendant, JESSIE Bellard, is employed as President at St Landry Parish.

Additional defendants: See attached

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to the lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS. IF EXTRA PAGES ARE REQUIRED TO STATE THE FACTS OF YOUR CASE, YOU ARE LIMITED TO FIVE TYPEWRITTEN OR TEN LEGIBLE HANDWRITTEN PAGES PURSUANT TO LOCAL CIVIL RULE 3.2.**

See attached

(Rev. 8/14/2023)

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

1. Bond obligation removed, La CCP Art 701 D
2. Financial Settlement of $300,000.00 or better
3. Immediate release from unlawful detention
4. Full disclosure of all legal tax related documents and Financial Records
5. Reinstatement of Due process and ability to represent own intrest.

## VI. Plaintiff's Declaration

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

**Signed this** 8 **day of** March, **20**26.

2501309
**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons**

By: Robert C. Tanner
**Signature of Plaintiff**

III. Parties to Current Lawsuit:

b. Defendant; BOBBY GUIDROZ, is employed as Sheriff at St Landry Sheriff Department
Defendant, CHAD PITRE, is employed as District Attorney at St Landry Parish
Defendant, George Severson, is employed as Public Defender at St Landry Parish
Defendant, JOHN ALLEN, is employed as Public Defender at St Landry Parish
Defendand, CHARLEY LEAR, is employed as Public Defender at St Landry Parish
Defendant, GREGORY JAMES DOUCETT, is employed as District Judge at Judiciary Branch of Louisiana
Defendant, Adam FORD, is employed as Warden at St Landry Parish Sheriff Department
Defendant, JEFF LANDRY, is employed as Govenor, State of Louisiana
Defendant, LIZ MURILL, is employed as ~~Dist~~ Attorney General, State of Louisiana

Count 28 VI Amendment - Assistance of Counsel

George Severson when a motion to recuse him for not keeping his client safe from PREA violations placed in a motion to test competance in order to block my motions from being heard.

Count 29 V Due Process

Judge Gregory J Doucet on 10/03/2024 found the defendant to be incompetant even though both docters could not give opinion due to "the defendant wanted to exercise his right to remain silent" see Exhibit A page 4. transcripts

Count 30 V Due Process

Judge Gregory J. Due Process denied the defendant to recuse ineffective Counsel, practiced Medicine without a license (finding the defendant incompetant without docters) Stopped defendants constitutional Challenge from being heard. see Exhibit A page 5 11/07/2024

Count ~~3~~4 V Due Process

Judge Gregory J Doucett on 12/07/2023 held an arraignment without the defendant or his Counsel on record being present (See, ExA page 3.) in Violation of Court Order "23-1245", (See Ex B) and La C.C.P. Art 701 C. We seek copy of Zoom Call held on that day and Confirm that an arraignment was held without representation or presents by the defendant due to 2nd arraignment being held on 07/03/2025. (see ExA page 6, 07/03/2025)

Count ~~32~~5 V Due Process, ~~XIV~~ Equal protection

Judge Gregory J. Doucett has held the defendant for over two years without a bond or bond hearing with full judicial review of the evidence or effective counsel while repeadly refussing to meet privately to reveal the Sexual abuse the defendant was forced to endure. or ineffective Counsel, or multible crimes the Sheriff refused to investigage or brady violations being ignored by counsel, or about the legal instruments related to the case necessary to mount a defense or to Challenge jurisdiction in a fair and meaningful way.

Count ~~33~~ 6 XIV, V Due Process, Equal Protection

Plaintiff alleges that he has repeatedly requested disclosure of the tax instruments used in his case but has been denied access, He has also been denied access to view tangible exculpatory objects he Knows is nolonger in their possession in violation of Brady vs. Maryland including important objects needed for the defense like the Car and tow truck with the alleged bullet holes. They Claim pictures they have will do. This also includes the Shirt Timothy Freeman was wearing when he allegedly received a bullet wound that barely look off the thinist layer of Skin. He has also requested private meetings with Judge Gregory J. Doucett in his Chambers, which were denied without explanation. This denial of disclosure and the refusal of access to legal instruments related to the case violates due process, access to court and access to information and evidence relevant to his defense. Furthermore, this failure to disclose and the denial of private meetings with the Judge create an atmosphere of coercion and obstruction which violates the ethical responsibilities set forth in Treasury Circular 230 which mandates that all attorneys and judicial officers disclose material facts and act in good faith in judicial proceedings.

Count 7 VI Right to Speedy and Public Trial

The 27Th Judicial District Court does not exist according to the IRS. We have found no-where they are registered to operate as a "public" organization. The "ST LANDRY CLERK OF COURT" is a private Utility Filing 1099-A's without Full disclosure committing tax Fraud See: IRS Congratulations, accepted letter from 1099 Online.com proving that a 1099a was Filed Exhibit C. An organization can not be both public and private at the same time. The Plaintiff has the right to a "public" trial held by a public tax-exempt government court. An organization can't be the government and have to pay taxes to the government. The Plaintiff has been refused the IRS Govern-ment Information Letter or any form of disclosure.

Count 8 V Due Process

Plaintiff is denied La.C.C.P. Art. 718 to allow experts to inspect tangible objects like the tow truck, car or t-shirt with alledged bullet holes.

Count 9 V, XIV Due Process, Equal Protection

The Louisiana State Govenor is dening the plaintiff LRS 53:102 Rules and regulations; Powers and Duties to have the department of public welfare, or such other department, office, agency or commission designated by the governor for the purpose of making investigations of Sabotage against the National Assoceation of Black Veterans which he is a member of and The Department of the Army Military Civilian Police Centralized Agence which he is a responsible party, both Civilian Military as defined by Title 18 USC 2386 because the govenor has Failed to designate an organization.

Count 10 V, XIV Due Process, Equal Protection

The Louisiana Attorney General has Verified that the plaintiff's Constitutional rights are being violated in accord with La.C.C.P. Art 62 Authority of Attorney General; Supervision of A.G. by his non-response. The plaintiff is being held without bond without authority of the Attorney General.

Count 11 V Due Process VII Cruel and unusual

Jessie Bellard went on public TV channel 10 News and called the plaintiff a terrorist. He also promised to send plaintiff to worse Jails or "Camps" as he calls them, that he could. The video can be googled under plaintiff's name on Facebook.

Count 12 V Due Process XIV Equal Protection VI Quick

The arraignment did not take place until July 3, 2025 when the bill had been filled in Nov. of 2023 in violation of La.C.C.P. Art 701 C. The bond obligation should have been releived in accord with 701 D.

Count 13 V Due Process VIII Cruel and Unusual

Plaintiff was not allowed any phone call when he was first arrested from July 18, 2023 till Aug 3, 2023

Count 14 VIII Cruel and Unusual

Plaintiff was denied medical treatment for his broken Toe for three Months. Toe heald wrong.

Count 15 VIII Cruel and unusual
Plaintiff was denied any hot water from June 20, 2025 till ~~Feb. 8, 2026~~, Jan. 14, 2026

Count 16 VIII Cruel and unusual
Plaintiff was ~~is~~ denied a hair cut and Shave from Aug. 15, 2025 till Feb. 20, 2026.

Count 17 VIII Cruel and unusual
Plaintiff has not been allowed outside for Rec. in over nine months.

Count 18 V Due Process XIV Equal Protection
Plaintiff was denied and arraignment from 12/07/2023 till 07/03/2025 over (19) nineteen months after the Bill of Information was filed. See: Exhibit A and B

Count 19 V Due Process XIV Equal Protection
George Severson's representation was forced on the Plaintiff after a PREA claim was made by Plaintiff,

Count 20 VIII Cruel and unusual
There is no physcologist working at Jail, Forced to Suffer without any help.

Count 21 V Due Process XIV Equal Protection
Plaintiff has several Brady violation stopping his ability to defend his interrest. The car is gone, the tow truck is gone, the Shirt with alledged bullet hole is gone.
Further the Plaintiff can not bring in exsperts to examine missing evidence in violation of La. C.C.P. Art 718. See Exhibit E and F

Count 22 V Due Process XIV Equal Protection

Plaintiff is being refused the ability to File Charges against Timothy Freeman LS 14:62.8 Home invation, 14:64.2 Carjacking, attempted vehicular homicide, 53:201 Sabatage (of Civilian Military home office of La. Nabvet National Assosiation of Black Veterians)

Count 23 VI Right to Counsel V Due Process XIV Equal Protection
Plaintiff is being denied a bond hearin for clear Violations of 701 B(2)C of the La C.C.Pro.
Plaintiff is also being denied a Preliminary Hearing within a timely manner. Preliminary Hearing is not Set till October 2026 seven months without bond or bond hearing with witnesses.

Count 24 V Due Process XIV Equal Protection
Plaintiff did a Constitutional Challenge in according to La.C.C.P. Art. 62. The State Attorney General has not answered. The St Landry District Attorney does not have authority to represent the State of Louisiana according to Article 62. The Constitutional Challenge has been Filed as a motion in the Court several times and ignored.